IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ADDISON ISMAR MAJANO FUENTES, *et al.*, )<br>)<br>)<br>*Petitioners*,   )<br>)<br>v.   )<br>)<br>PAMELA BONDI, *et al.*,   )<br>)<br>*Respondents*.   ) | 1:25-cv-1909 (PTG/LRV) |

## ORDER

This matter comes before the Court on Petitioners Adisson Ismar Majano Fuentes and Fernando Jose Majano Fuentes's Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1. Both Petitioners are citizens of El Salvador. *Id.* ¶ 20. Petitioner Adisson Ismar Majano Fuentes entered the United States without inspection in 2018. *Id.* Petitioner Fernando Jose Majano Fuentes entered the United States without inspection in 2016. *Id.* According to the Petition, on October 29, 2025, Immigration and Customs Enforcement ("ICE") officers arrested Petitioners. *Id.* ¶ 25. Petitioners are currently being detained at the ICE Washington Field Office in Chantilly, Virginia, which is within this Court's jurisdiction. *Id.* ¶ 13. Respondents have not provided Petitioners with a bond hearing. *Id.* ¶ 25. Petitioners now sue Pamela Bondi, the United States Attorney General, and others, alleging that their continued detention violates their constitutional rights. *Id.* ¶¶ 31–45. Respondents contend that Petitioners' detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). Dkt. 5 at 6–9. Upon consideration of the Petition (Dkt. 1), Respondents' Opposition (Dkt. 5), and Petitioners' Reply (Dkt. 6), the Court concludes that it has jurisdiction and that Petitioners are entitled to a bond hearing. Thus, the Petition is **GRANTED**.

The central issue in this case is whether Petitioners are "applicants for admission" and subject to mandatory detention under § 1225(b)(2) or whether their detention is governed by § 1226(a). The Court finds that Petitioners are not "applicants for admission" and are therefore not subject to detention under 8 U.S.C. § 1225(b). As Respondents concede, this Court, and others in this District, have repeatedly rejected Respondents' assertion that any immigrants without lawful status, including Petitioners, are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 5 at 1 n.1. *See, e.g., Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *5–9 (E.D. Va. Sept. 19, 2025; *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, No. 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025). Courts outside of this jurisdiction have also been unequivocal in their rebuff of Respondents' actions. *See Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position."). To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

Petitioners have continuously resided in the United States for over seven years since their entry into the country.[1] Dkt. 1 ¶ 20. Thus, Petitioners are entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge. Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; it is further

---

[1] Additionally, the Petition alleges, and Respondents have not disputed, that Petitioners have no criminal convictions. Dkt. 1 ¶ 23.

**ORDERED** that Petitioners be immediately released from custody, with all their personal property, pending their bond hearing before an immigration judge. Petitioners must live at a fixed address and provide the address to the Court within twenty-four (24) hours of the issuance of this Order and appear at the bond hearing once the government notifies them of its date, time, and location; it is further

**ORDERED** that Respondents must provide Petitioners with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Order; it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioners release on bond on the basis that they are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioners unless they have committed a new violation of any federal, state, or local law, or have failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); and it is further

**ORDERED** that the parties shall file a status report on the status of Petitioners' bond hearing within three (3) days of the bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioners' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 5th day of December, 2025.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

3